UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AGNIESZKA PECZEK,<br><br>    Plaintiff,<br><br>v.<br><br>CREDIT PROTECTION ASSOCIATION L.P.,<br><br>    Defendant. | Case No. 1:20-cv-05998 |

## COMPLAINT

**NOW COMES** Plaintiff, AGNIESZKA PECZEK, through undersigned counsel, complaining of Defendant, CREDIT PROTECTION ASSOCIATION L.P., as follows:

### NATURE OF THE ACTION

1. This action is seeking redress for Defendant's violation(s) of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq.*

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

### PARTIES

4. AGNIESZKA PECZEK ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided at 716 North Briar Hill Lane, Apartment 6, Addison, Illinois 60101.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. CREDIT PROTECTION ASSOCIATION L.P. ("Defendant") is a limited partnership organized and existing under the laws of the state of Texas.

7.	Defendant maintains a principal place of business at 2500 Dallas Parkway, Suite 500, Plano, Texas 75093.

8.	Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

9.	Defendant uses instrumentalities of interstate commerce and the mail in its business – the principal purpose of which is the collection of debt owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

10.	Defendant mailed Plaintiff a letter, dated December 13, 2019 (the "Letter") seeking to collect a debt of $464.99 originally owed to Commonwealth Edison Company, which stated:

---

December 13, 2019
02-075047
6100647127
32017247
Agnieszka Peczek

Service Balance: $464.99
Total Amount Due: $464.99

2879 CPAL-N ***********AUTO**MIXED AADC 750
T11 P0

Remit to:

Agnieszka Peczek
716 N Briar Hill Ln Apt 6
Addison IL 60101-2237

Commonwealth Edison Company
PO Box 9035
Addison TX 75001-9035

---

FOLD TEAR AND RETURN TOP PORTION WITH YOUR PAYMENT
**ALWAYS PROTECT YOUR CREDIT RATING**

December 13, 2019

Dear Agnieszka Peczek,

Your account has been turned over to collections and requires your attention.

Original Creditor:   Commonwealth Edison Company
Account Number:   8084565068
Service Balance:   $352.26

**To make a payment or contact Customer Service:
Use CPA Reference Number: 31788731-075047**

- Account information and payment options online at: **www.paycpa.com**
- Automated payments and agent assistance available at: **(844) 870-0196**
- Mail paper checks and money orders in the enclosed envelope using the stub above.
- Cash payments can be made at any MoneyGram® location: **MoneyGram® Receive Code 5040**



ACA INTERNATIONAL
The Association of Credit and Collection Professionals
*Member*

2

**THIS IS AN ATTEMPT TO COLLECT A DEBT**

**We Accept:**
- Visa® and Mastercard®
- Checks
- MoneyGram® Express Payments 5040
- Money Order

Please see reverse side for important information!
This is an attempt to collect a debt by a debt collector and any information obtained will be used for that purpose.
©1977-2019 Credit Protection Association, LP.  2500 Dallas Pkwy, Suite 500, Plano, TX 75093 (844) 870-0196

11. The Letter's reverse side stated:

**PAYMENT NOTICE**

When you provide a check for payment, you authorize us either to use information from your check to make a one-time electronic fund transfer from your account or to process the payment as a check transaction.

You authorize us to collect the state allowed service fee and any applicable sales tax through a draft or an electronic fund transfer from your account if your payment is returned unpaid.

When we use information from your check to make an electronic fund transfer, funds may be withdrawn from your account as soon as the same day we receive your payment, and you will not receive your check back from your financial institution.

Your payment by check is your acknowledgment and acceptance of these terms.  Checks received by Credit Protection Association, L.P. may become the property of Credit Protection Association, L.P.  State allowed service fees will be added to any check returned from the bank unpaid for any reason.  The check maker may be subject to collection and possibly legal action if the check amount and fees are not paid.

**NOTICE OF IMPORTANT RIGHTS**

The Fair Debt Collection Practices Act requires that we, as the debt collector, inform you that, unless you, within thirty days after receipt of this initial notice, dispute the validity of the debt, or any portion thereof, the debt will be assumed valid by the debt collector.  If you notify the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of judgment against you and mail it to you.  If requested in writing within thirty days, the debt collector will also provide you with the name and address of the original creditor, if different from the current creditor.

12. Plaintiff's $464.99 service balance is a "debt" as defined by 15 U.S.C. § 1692a(5).

13. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

14. The Letter is the "initial written communication" as required by 15 U.S.C. § 1692g.

15. Section 1692g(a) provides:

**Notice of debt; contents**.  Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

(1) the amount of the debt;

*(2) the name of the creditor to whom the debt is owed;*

3

    (3)  a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

    (4)  a statement that if the consumer notifies the debt collector *in writing* within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

    (5)  a statement that, upon the consumer's *written* request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(emphasis added).

  16.  The Letter stated, "Original Creditor: Commonwealth Edison Company."

  17.  The Letter did not say whether Commonwealth Edison Company still owned the account in question or instead had sold the debt to another entity.

  18.  The Letter simply stated: "Your account has been turned over for collections and requires your attention."

  19.  This language fails, however, to eliminate any factual question as to who owned the debt at the time the Letter was sent.

  20.  The Letter did say that Plaintiff should address all questions and payments concerning Plaintiff's account to Defendant, which a recipient could reasonably understand as implying that Defendant itself was the creditor.

  21.  The Letter contained the following addresses:

    a.  Commonwealth Edison Company, P.O. Box 9035, Addison TX 75001-9035; and

      b.      Credit Protection Association, L.P., 2500 Dallas Pkwy, Suite 500, Plano TX 75093.

22.      P.O. Box 9035, Addison TX 75001-9035 is a post office box belonging to Defendant.

23.      2500 Dallas Pkwy, Suite 500, Plano TX 75093 is Defendant's principal office address.

24.      The Letter directs Plaintiff to remit payment to P.O. Box 9035, Addison TX 75001-9035.

25.      Nowhere did the Letter specify which address Plaintiff is to submit written dispute(s) to.

26.      Under Section 1692g(b), "[i]f the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed … the debt collector shall cease collection of the debt." 11 U.S.C. § 1692g(b).

27.      Congress triggers the debt collector's obligations after the debtor writes to the debt collector.

28.      In other words, to effectively dispute a debt under Section 1692g, a debtor must do so in writing.

29.      By including two separate addresses, Plaintiff is simply unaware as to what address disputes must be sent to.

## **DAMAGES**

30.      Congress enacted the FDCPA to rein in certain "evils" associated with debt collection," *Bentrud v. Bowman, Heintz, Boscia & Vician, P.C.*, 794 F.3d 871, 874 (7th Cir. 2015),

because existing legal remedies were, in its judgment, "inadequate to protect consumers." 15 U.S.C. § 1692(b).

31. To address those practices, the FDCPA imposes a "rule against trickery." *Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 480 F.3d 470, 473 (7th Cir. 2007); see also O'Rourke v. Palisades Acquisition XVI, LLC, 635 F.3d 938, 941 (7th Cir. 2011) (noting that the FDCPA's prohibitions "keep consumers from being intimidated or tricked by debt collectors").

32. The statute thus gives debtors a right to receive accurate information, which they can enforce against debt collectors by bringing suit under the FDCPA. *See Hahn v. Triumph P'ships LLC*, 557 F.3d 755, 757 (7th Cir. 2009) ("The [FDCPA] is designed to provide information that helps consumers to choose intelligently ... .").

33. The value of receiving truthful information about one's financial affairs—and the ill effects of receiving misleading information—may be hard to quantify, especially where, as here, the plaintiff did not act upon the misinformation.

34. But being misled in violation of an anti-trickery statute like the FDCPA is a concrete harm, nevertheless. *See Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373-74, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982) (holding that a plaintiff "who has been the object of a misrepresentation made unlawful" by federal statute suffered an injury in fact and thus had Article III standing).

35. Although the Letter refers to Commonwealth Edison Company, the Letter fails to identify Plaintiff's current creditor.

36. Plaintiff was left unsure as to (and could not deduce from reading the Letter) what creditor Defendant was attempting to collect for.

37. The Letter did not provide statutorily required information - placing Plaintiff at materially greater risk of falling victim to abusive debt collection practices.

38. Concerned with having had her rights violated, Plaintiff was forced to retain counsel; therefore, expending time and incurring attorney's fees to vindicate her rights.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)

39. All Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation(s) of 15 U.S.C. § 1692g

40. Section 1692g(a) provides:

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

    (1) the amount of the debt;

    (2) ***the name of the creditor to whom the debt is owed***;

    (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

    (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

    (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

41. The FDCPA requires the collector of a consumer debt to send the consumer a written notice containing, among other information, "the name of the creditor to whom the debt is owed." § 1692g(a)(2).

42. Regardless of who then owned the debt, the question under the statute is whether the Letter identified the then-current creditor clearly enough that an unsophisticated consumer could identify it without guesswork. *See Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 321 (7th Cir. 2016).

43. "[The Seventh Circuit] has long interpreted § 1692g to require that the mandatory disclosures be made so that they would be clearly understood by sophisticated debtors." *Steffek v. Client Servs.*, 948 F.3d 761, 764 (7th Cir. 2020).

44. This implied requirement of clarity extends to identification of the current creditor under § 1692g(a)(2). The mere presence of the correct name in the notice somewhere does not suffice. *See Smith v. Simm Assocs., Inc*., 926 F.3d 377, 381 (7th Cir. 2019) (explaining the § 1692g(a)(2) "requires a debt collector to present information about the creditor and the debt in the manner the unsophisticated consumer can understand"); *Janetos*, 825 F.3d 321 ("When § 1692g(a) requires that a communication requires certain information, compliance demands more than simply including that information in some unintelligible form.")

45. The Letter simply did not identify Commonwealth Edison Company as the current creditor to whom the debt was owed; therefore violating 15 U.S.C. § 1692g(a)(2), which required Defendant to identify the current creditor clearly, without leaving the matter to guesswork.

46. Indeed, merely naming the entity that owns the debt, but not identifying it as a "creditor," while also identifying the "original creditor," has been held to be a violation of section

8

1692g(a)(2). *Sparkman v. Zwicker & Associates, P.C.*, 374 F. Supp. 2d 293, 300-01 (E.D.N.Y. 2005).

47. A debt collector who has properly included a validation notice in its communications may nevertheless violate 15 U.S.C. § 1692g if other language in the initial communication, or language in a subsequent communication, is confusing; that is, it overshadows, contradicts, or fails to explain an apparent contradiction with, the validation notice. *Bartlett v. Heibl*, 128 F.3d 497, 500 (7th Cir. 1997).

48. Where an initial communication provides conflicting deadlines for validation and payment and does not reconcile the deadlines, the debt collector has caused confusion that violates 15 U.S.C. § 1692g by failing to explain an apparent contradiction. *Bartlett*, 128 F.3d at 500.

49. Here, Defendant's Letter provided conflicting addresses and did not specify which address Plaintiff is to submit written dispute(s) to – creating confusion and uncertainty; therefore, violating 15 U.S.C. § 1692g.

50. Plaintiff may enforce the provisions of 15 U.S.C. § 1692g pursuant to section k of the FDCPA (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of -

(1) any actual damage sustained by such person as a result of such failure;

(2)

    (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff requests the following relief:

A. a finding that Defendant violated 15 U.S.C. § 1692g and g(a)(2);

B. an award of any actual damages sustained by Plaintiff as a result of Defendant' violation(s);

C. an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D. an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

E. an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: October 8, 2020                                  Respectfully submitted,

**AGNIESZKA PECZEK**

By: */s/ Joseph S. Davidson*

Joseph S. Davidson
LAW OFFICES OF JOSEPH P. DOYLE LLC
105 South Roselle Road
Suite 203
Schaumburg, Illinois 60193
+1 847-985-1100
jdavidson@fightbills.com